## ITALIAN BOOK CO. v. CARDILLI.

(District Court, S. D. New York. September 28, 1918.)

### No. E 15-119.

Copyrights ⊂⊃32—Publication in foreign country held not to prevent American copyright.

    The publication in Italy of the words and music of a song written in the Italian language and copyrighted in Italy does not prevent American copyright four years later, where there had been no publication in the United States prior to that of the copyright owner, the publication in the United States was in the Italian language and thus identical with that in Italy, ana all copies sold in Italy bore a statement thereon that the proprietor owned the rights for all countries and that all rights were reserved.

In Equity. Suit by the Italian Book Company against Mauro V. Cardilli for infringement of a copyright. On final hearing. Decree for plaintiff.

Samuel F. Frank, of New York City, for plaintiff.
Mr. Barra, for defendant.

HOUGH, Circuit Judge. The subject-matter of this suit is of no great value. The principle is important and should be decided authoritatively. So far as I am concerned, it remains, after the investigations of both counsel and myself, a matter of first impression.

An Italian wrote a song in Italy, and another Italian furnished music therefor; both words and music were published in Naples in 1913, and forthwith copyrighted in accordance with the law of Italy. Each copy of said words and music sold, stated in Italian who was the proprietor, that said proprietor owned the rights for all countries, and that all rights were reserved.

The song was popular, and four years later the Italian proprietor sold to the plaintiff, an American corporation, the privilege of copyrighting and selling the same in the United States, apparently on a royalty basis. Thereupon the plaintiff did copyright words and music; the registration being of December 10, 1917, and the date of original publication stated as September 1, 1913. The defendant copied words and music and sold the same after this registration date. There are no intervening rights, as that phrase is commonly used in patent litigation.

The question (very easy to put) is this: Did the publication in Italy prevent American copyright four years later? Copyright being wholly statutory, we must first look at the act. Comp. St. §§ 9517–9524, 9530–9584. It is entirely silent on the subject; I can discover nothing which in terms precludes a proprietor doing exactly what this plaintiff has done.

The whole line of cases, holding that publication without copyrighting destroys the right to a subsequent copyright, are either founded on statutes differing from the present one, or on a proven publication in the country of the court rendering the decision. It seems to me as a matter of first impression that the publication in Italy was, by the terms of the notice printed or stamped on each copy sold, limited to Italy, and did not (in the absence of statutory prohibition) prevent the subsequent American copyright, if (as is the case here) there had been no publication in the United States prior to that of the copyright owner.

The novelty of this litigation arises from the fact that that which is printed and published in the United States is in the Italian language, and is identical with what was put forth in Italy. This seems to be left out of our present statute, and in the absence of congressional direction I feel that the equities of the matter are with the plaintiff; and therefore, with considerable doubt, I order a decree for plaintiff, with costs.