## SEBRING POTTERY CO. v. STEUBENVILLE POTTERY CO. et al.

No. 3955.

District Court, N. D. Ohio, E. D.

June 29, 1932.

See, also, 9 F. Supp. 384.

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa., Tolles, Hogsett & Ginn, of Cleveland, Ohio, for plaintiff.

Fay, Oberlin & Fay, of Cleveland, Ohio, for defendants.

JONES, District Judge.

The suit is one for copyright infringement. Merle H. Walker and the defendant Donald G. Agnew, while employees of the plaintiff company, conceived and produced the customer's premium record card which was copyrighted by Charles Leigh Sebring, as trustee for the plaintiff assignee.

While the card may not be a work of pretentious merit, yet it evidences some original intellectual effort as to conception, composition, and arrangement. The copyright office thought so, and the certificate of registration was issued.

There has been such generous use of identical expressions and arrangement in the offending card as to negative the claim or suggestion of difference and the defense of noninfringement. It is elementary in copyright infringement cases that similarities and the use of identical language in a substantial way furnish cogent evidence of copying. The facts that the copyright was secured in the name of Charles Leigh Sebring, who was not the composer, and that there was a mistake made as to the date of publication in the affidavit attached to the application, do not, in my opinion, invalidate the copyright. No prejudice resulted to the defendants or the public, and the misstatement of date is not of a character to justify a finding of purposeful falsehood.

I find that the plaintiff's premium record card embodies a new, original, and useful arrangement for stimulating the sale and distribution of merchandise; that the plaintiff is the owner of the copyright by assignment; and that all required proceedings for copyright, under the laws of the United States, were duly complied with; that the defendants have substantially copied and appropriated the plaintiff's copyrighted card; and, that the defendant Agnew has, jointly with the defendant Steubenville Pottery Company, invaded the rights of the plaintiff.

My conclusion is that the copyright is valid and infringed. Decree may be entered for the plaintiff.