KRAMER JEWELRY CREATIONS,
Inc., Plaintiff,

v.

CAPRI JEWELRY, Inc., Defendant.

United States District Court
S. D. New York.
July 2, 1956.

Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City, for plaintiff, William M. Ivler, New York City, of counsel.

Kenyon & Kenyon, New York City, for defendant, George T. Bean, Ralph L. Chappell, Hugh A. Chapin, New York City, of counsel.

LEVET, District Judge.

Plaintiff seeks an injunction pendente lite in this action for copyright infringement and unfair competition. It is alleged in the complaint that plaintiff engages in the designing, manufacturing and selling of costume jewelry of creative designs. Plaintiff claims that it is the proprietor of a line of costume jewelry, including a bracelet, necklace, earrings and pin bearing the designation of "Dearly Beloved," for which plaintiff has obtained a copyright registration as a three-dimensional work of art. The jewelry is alleged to have been first published within the meaning of the Copyright Act, Title 17 U.S.C.A. on February 3, 1956. It is further alleged that since that date plaintiff has duly complied with said Act.

Defendant is engaged in the business of selling costume jewelry to retailers. It does not manufacture its own jewelry. It is apparent upon examination of the jewelry in question that defendant's line of items is identical to plaintiff's with respect to size, shape and design. The jewelry consists of a series of links, each link containing an oval-shaped stone with a band of simulated diamonds at one end and a small stone at the side. Defendant's jewelry sells for approximately one-half the selling price of plaintiff's items. Plaintiff claims that in the latter part of April, 1956, it became aware that copies of its "Dearly Beloved" line were being marketed by defendant and that it advised defendant of its copyright by a letter dated April 30, 1956, in which plaintiff demanded the immediate cessation of the alleged infringing acts. Thereafter, conferences were held between the attorneys for the parties, but such conferences were later discontinued. Defendant's basic contention with respect to the allegation of copyright infringement is that plaintiff's copyright notice is defective in that it fails to contain the letter C enclosed within a circle as prescribed by Section 19 of Title 17 U.S. C.A. Defendant also asserts that at the time it first ordered its line of items, which are challenged in this action, it was unaware of the fact that the items resembled those sold by anyone else. In support of its claim that plaintiff failed to affix to its jewelry the letter C enclosed within a circle, defendant has submitted affidavits and exhibits relating to purchases of plaintiff's jewelry at six prominent New York department stores and costume jewelry shops between May 17, 1956 and June 21, 1956. Although the name "Kramer" appears on the items, the copyright symbol consisting of the letter C enclosed within a circle, does not appear thereon.

Section 19 of Title 17 U.S.C.A. provides that the notice of copyright with respect to works of art may consist of

the letter C enclosed within a circle, "accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: *Provided,* That on some accessible portion of such copies * * * his name shall appear." It has been held that a notice which only sets forth the trade name of the proprietor and fails to include the corporate name is sufficient compliance with the identification requirement of Section 19. Hollywood Jewelry Mfg. Co. v. Dushkin, D.C.S.D. N.Y.1955, 136 F.Supp. 738. However, the copyright symbol must also appear thereon. Plaintiff contends that approximately 98% of its total production bears the copyright symbol and that it is only through accident or inadvertent error that any items get by inspection without bearing a proper copyright notice. The products are produced by rubber molds into which molten metal is poured. Plaintiff asserts that it is possible that in about 2% of the cases the molten metal does not fill the portion of the rubber mold in which the copyright symbol is formed. However, plaintiff has not offered any evidence to refute defendant's assertion that the six stores from which defendant's exhibits were purchased did not sell any of plaintiff's products on which copyright notices were affixed.

■ An accidental or inadvertent omission of a copyright notice need not be fatal to the enforcement of the proprietor's rights if the proprietor can bring himself within the exceptions set forth in Section 21 of Title 17 U.S.C.A., which provides:

"Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; and in a suit for infringement no permanent injunction shall be had unless the copyright proprietor shall reimburse to the innocent infringer his reasonable outlay innocently incurred if the court, in its discretion, shall so direct. July 30, 1947, c. 391, § 1, 61 Stat. 652."

■■ The purpose of the aforesaid provision is to prevent loss of copyright by accidental omission of the notice from "a particular copy or copies." It has been said that this section "does not excuse the omission 'of the prescribed notice' upon all subsequent copies, even though the notice on the first published copy was proper." National Comics Publications v. Fawcett Publications, 2 Cir., 1951, 191 F.2d 594, 601. The word "particular" in the statute indicates that relief is to be afforded to a copyright proprietor who has sought to comply with the Copyright Act, but has accidentally or mistakenly omitted the required notice from a limited number of copies. The precise number of "particular" copies with respect to which notice may be mistakenly omitted has not been judicially determined, although some courts have said that it applies only in the case of a very few copies. Krafft v. Cohen, 3 Cir., 1941, 117 F.2d 579; United Thrift Plan, Inc., v. National Thrift Plan, D.C. E.D.N.Y.1929, 34 F.2d 300.

■ Plaintiff's assertion that only 2% of its jewelry fails to bear the copyright symbol, if undisputed, might bring it within the coverage of Section 21. However, defendant's exhibits and affidavits raise considerable doubt as to whether the great bulk of plaintiff's jewelry bore the prescribed notice. Assuming that initially plaintiff had acquired a valid copyright, it cannot now be determined on the basis of the affidavits and exhibits submitted on this motion that plaintiff has not forfeited its copyright by marketing its jewelry without affixing thereto the required notice. Since the affidavits raise a question as to the validity of plaintiff's copyright, it would not be proper at this time to grant plaintiff's

 

motion for a temporary injunction based upon the strength of its allegation of copyright infringement. See American Visuals Corporation v. Holland, 2 Cir., 1955, 219 F.2d 223.

■ Plaintiff also contends that it is entitled to a preliminary injunction on the ground that defendant has unfairly competed with it by attempting to use its jewelry designs to increase defendant's business at plaintiff's expense. It is argued in support of preliminary relief that exclusive of the fact as to whether plaintiff's design is entitled to the protection of the Copyright Act and whether plaintiff has fully complied with the requirement of affixing a copyright notice, there remains the fact that the defendant has made identical copies of plaintiff's work and has sold them at approximately one-half the price for the purpose of enticing away plaintiff's customers. If defendant intentionally copied plaintiff's jewelry design in an effort to entice away plaintiff's customers, such conduct is regrettable but not actionable if plaintiff does not possess a valid copyright. Absent a valid patent or copyright, a manufacturer whose products have not acquired a secondary meaning cannot restrain another party from copying his designs, if no attempt is made to sell the goods as those of the manufacturer. Chas. D. Briddel, Inc., v. Alglobe Trading Corp., 2 Cir., 1952, 194 F.2d 416; General Time Instruments Corporation v. United States Time Corporation, 2 Cir., 1948, 165 F.2d 853; Lucien Lelong, Inc., v. Lander Co., 2 Cir., 1947, 164 F.2d 395; Sinko v. Snow-Craggs Corporation, 7 Cir., 1939, 105 F.2d 450; Crescent Tool Co. v. Kilborn & Bishop Co., 2 Cir., 1917, 247 F. 299.

■■ In Chas. D. Briddel, Inc., v. Alglobe Trading Corp., supra, the plaintiff was engaged in manufacturing distinctively styled steak knives. Defendants produced knives which were deliberate copies of plaintiff's wares. It was held that a preliminary injunction should not have been issued where there was no showing that consumers were likely to be confused as to the source of the knives

or that the defendant attempted to "palm off" its knives as those of the plaintiff. In the case at bar there is no allegation that the defendant is "palming off" its jewelry on the pretext that plaintiff is the manufacturer, nor is there any allegation that purchasers of defendant's products believed that they were buying plaintiff's jewelry. There is nothing in the papers before this Court to indicate that the purchasers bought the jewelry in question because the appearance suggested the identity of the maker. Identical appearance per se is no grounds for relief.

Accordingly, plaintiff's motion for a preliminary injunction is denied. Settle order on notice.