**ADVISERS, Incorporated, Appellant,**

v.

**WIESEN–HART, Inc., Appellee.**

No. 12829.

United States Court of Appeals
Sixth Circuit.

Nov. 27, 1956.

Stanton T. Lawrence, Jr., New York City (Pennie, Edmonds, Morton, Barrows & Taylor, New York City, Walter S. Murray, Murray, Sackhoff & Murray, Cincinnati, Ohio, on the brief), for Advisers, Inc.

J. Warren Kinney, Jr., Cincinnati, Ohio, for Wiesen-Hart, Inc.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

PER CURIAM.

In an action for copyright infringement, the district court held, on a motion for summary judgment, that a variance between the actual date of publication of a book, and the date of publication alleged in the certificate of copyright registration, required by law to be filed, rendered the copyright unenforceable, and that such certificate was, accordingly, incapable of supporting an action for copyright infringement.

It is provided, by Title 17 U.S.C.A. § 10, that any person entitled thereto by such section, may secure a copyright for his work by publication, with the notice of copyright required by the statute. It is not disputed that the book here in question was published, together with notice of copyright.

It is further provided by the statute that one may obtain registration of his claim to copyright by complying with certain statutory provisions, one of which provides that, in the case of a book, the copies deposited in the copyright office shall be accompanied by an affidavit, under the official seal of any officer authorized to administer oaths, made by the person claiming copyright, setting forth the date of completion of the printing of the book, or the date of publication. Title 17 U.S.C.A. §§ 11 and 17.

There is no stated time within which to file the required affidavit and secure registration of the claim to copyright, subsequent to publication with notice; but the statute provides that "there shall be promptly deposited in the copyright office" two copies of the work.

Title 17 U.S.C.A. § 13. As to what is considered to be prompt registration after publication with notice, see Washingtonian Publishing Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470. Unless the copyright is promptly registered, it becomes void. Title 17 U.S.C.A. § 14.

In this case, it appears that the actual date of publication was in August, 1953; but that the date of publication, as set forth in the registration certificate, was December 9, 1953.

The date of publication, as set forth in the certificate of registration of copyright and as supported by the required affidavit, was later than the actual date of publication. It appears that, in opposition to appellee's motion for summary judgment, appellant filed affidavits explaining that the date of publication was based upon the date when the books, which were used for promotion and advertising purposes in the jewelry trade, were first distributed to the public by retail jewelers, instead of the date when shipments were made by appellant to jewelers, when, in law, publication is deemed to have been made.

Appellee contends that the recital of a date in the affidavit and registration certificate later than the actual copyright date invalidates the copyright for the reason that it attempts to extend the copyright protection for longer than the statutory period, citing Title 17 U.S.C.A., §§ 17, 14, 26, and 209, and upon the authority of Baker v. Taylor, 2 Fed.Cas., No. 782, page 478, 1848, and Wheaton v. Peters, 8 Pet. 591, 33 U.S. 591, 8 L.Ed. 1055, both of these cases supporting appellee's claim. It is to be noted that the statutory protection of a copyright extends for a period of twenty-eight years, and thereafter can be renewed for a further period of twenty-eight years. It would seem that, in view of copyright protection for fifty-six years, a period of four or five months would be an immaterial variance without consequence to the public, unless there were some intention to secure an advantage in violation of the statute, or with a fraudulent purpose.

The authorities above mentioned, upon which appellee relies, are cases based upon earlier copyright statutes, and go back to the years 1834 and 1848. These cases clearly sustain the decision of the district court. However, in Washingtonian Publishing Co. v. Pearson, 306 U.S. 30, 36, 59 S.Ct. 397, 400, 83 L.Ed. 470, it was said:

"The Act of 1909 is a complete revision of the copyright laws, different from the earlier Act both in scheme and language. It introduced many changes and was intended definitely to grant valuable, enforceable rights to authors, publishers, etc., without burdensome requirements; 'to afford greater encouragement to the production of literary works of lasting benefit to the world.' "

■ The statute grants valuable rights to persons who create such matter which is copyrightable; and the later cases, in the courts of appeals and in the district courts, emphasize, implicitly, perhaps, on the ground of the subsequent revision of the copyright laws, that useless technicalities are not to be allowed to cut down the benefits conferred. See United States v. Backer, 2 Cir., 134 F.2d 533. In upholding the validity and enforceability of a copyright, Judge Paul Jones, in the District Court for the Northern District of Ohio, in Sebring Pottery Co. v. Steubenville Pottery Co., 9 F.Supp. 383, said:

"The facts that * * * there was a mistake made as to the date of publication in the affidavit attached to the application, do not in my opinion, invalidate the copyright. No prejudice resulted to the defendants or the public, and the misstatement of date is not of a character to justify a finding of purposeful falsehood."

■■ It should be pointed out, however, that the opinion of the district court is clearly sustained by what was said in the early cases therein relied upon, including the decision of the Su-

preme Court; and it may well be that that court may desire to review our determination in the instant case because of what was held in the earlier adjudication. It is our conclusion, nevertheless, that an innocent misstatement, or a clerical error, in the affidavit and certificate of registration, unaccompanied by fraud or intent to extend the statutory period of copyright protection, does not invalidate the copyright, nor is it thereby rendered incapable of supporting an infringement action. See Ziegelheim v. Flohr, D.C., 119 F.Supp. 324.

■■ There remains one further issue to dispose of. In a motion made by appellee in this court to dismiss the appeal, it appears that appellant caused to be filed with the Register of Copyrights an affidavit showing that, as a result of an investigation which appellant made, it ascertained that some act amounting to publication might have taken place as early as August, 1953, and that appellant, therefore, was setting forth, in an application filed in the copyright office, the publication date as August 1, 1953, in order to correct the prior registration; and, as a consequence, that appellant had secured from the Register of Copyrights a corrected certificate of registration. Under the regulations of the copyright office, issued, however, subsequent to the judgment in this case, it would appear that the Register of Copyrights considers that a certificate of registration may be corrected within the intendment of the statute, Regulation 201.5(b) of the Regulations of the Copyright Office, issued August 8, 1956, 21 F.R. 6021; and we are not convinced that such view is contrary to the statute.

In consideration of the above, appellee's motion to dismiss the appeal is denied.

In accordance with the foregoing, the order of the district court granting the motion for summary judgment is set aside and the case remanded to the district court for a determination on the merits.