**ROSS PRODUCTS, INC., Plaintiff,**

v.

**NEW YORK MERCHANDISE CO., Inc., Defendant.**

United States District Court
S. D. New York.
June 24, 1965.

Sharretts, Paley & Carter, New York City, for plaintiff, Harry N. Borsher, Cowan, Liebowitz & Latman, Alan Latman, Sanford I. Ruden, New York City, of counsel.

Kirschstein, Kirschstein & Ottinger, New York City, for defendant, David B. Kirschstein, George Gottlieb, New York City, of counsel.

FEINBERG, District Judge.

This is an action for copyright infringement seeking damages and a permanent injunction. Both plaintiff and defendant sell almost identical models of an inflatable vinyl toy in the shape of a baseball catcher which serves as a target for aspiring young pitchers. An employee of plaintiff created the item, possibly in collaboration with a Japanese citizen, and arranged to have it manufactured in Japan. In October 1963, the Japanese manufacturer, apparently with plaintiff's acquiescence, placed several hundred dozen catchers on sale in Japan and displayed the model at a Japanese toy fair. The sales were allegedly for the purpose of testing the product. No copyright notice of any sort appeared on the catcher offered for sale or displayed in Japan except for a red tag indicating a Japanese patent registration on the vinyl process used in manufacturing the toy. On November 26, 1963, plaintiff applied for and received United States copyright on the items imported and sold in this country; it is this copyright that defendant has allegedly infringed.

Defendant does not genuinely deny that it arranged for the manufacture, in Taiwan, of catchers modeled

after those displayed in Japan. Nor does it deny that it subsequently imported and sold these imitations in the United States. It does, however, contend that it has incurred no infringement liability to plaintiff because plaintiff's copyright is invalid for the following reasons: (1) the subject matter was not properly copyrightable; (2) there was publication in Japan without proper copyright notice under 37 C.F.R. § 202.2(a) (3) (1959) or the Universal Copyright Convention, Article III(1) (1952), 17 U.S.C. § 9 (1964), and the work was, therefore, put in the public domain; and (3) the copyright registration statement fraudulently omitted a material fact and contained a misrepresentation. Defendant has moved, and plaintiff has cross-moved, for summary judgment. In May 1964, Judge Tenney accepted argument number 2 and denied plaintiff's application for a temporary injunction.[1] Defendant argues that the so-called "law of the case" doctrine therefore precludes a re-examination of the validity of plaintiff's copyright. This contention is clearly incorrect in the Second Circuit where the "law of the case" concept is merely a non-binding decisional guide addressed to the good sense of the court[2] in the form of "a cautionary admonition" against relitigation "when the occasion demands it."[3] The proper issue is whether, on a motion for final relief—which may raise factual and legal issues different from those before the court in the earlier application for temporary relief—this court ought to consider itself bound, as a matter of discretion, by the prior decision. However, it is not presently necessary to deal with this problem; since there is a genuine issue as to a material fact, under established principles, both motions for summary judgment must be denied.

The "Application for Registration of a Claim to Copyright," issued by the Copyright Office, requests certain information about the work sought to be copyrighted. Question 6(a) asks "the date when copies of this particular work were first placed on sale, sold or publicly distributed." In applying for the copyright that is the basis of this suit, plaintiff answered "November 15, 1963," ignoring the October sales and display in Japan. Question 6(b) asks "Place of Publication: Give the name of the country in which this particular work was first published." Plaintiff's answer was "United States of America." Defendant throughout this lawsuit has contended that the application ought to have indicated first publication in Japan, on an earlier date, and that these errors in the copyright application—calculated to mislead the copyright office—invalidate the copyright. Plaintiff's answer is that the sales and exhibition in Japan did not amount to publication and, in any event, no bad faith was intended in filling out the copyright application.

■ While there are recent indications that the courts are quite lenient in overlooking factual misstatements in copyright applications, nevertheless, the opinions emphasize that the errors involved were honest, innocent and not intended to be misleading. See, e. g., Advisers, Inc. v. Wiesen-Hart, Inc., 238 F.2d 706, 708 (6th Cir. 1956), cert. denied, 353 U.S. 949, 77 S.Ct. 861, 1 L.Ed.2d 858 (1957), 25 Geo.Wash.L.Rev. 714 (1957); Wrench v. Universal Pictures Co., 104 F.Supp. 374, 379 (S.D.N.Y. 1952); Nimmer, Copyright § 94 (1963);

1. Ross Prods., Inc. v. New York Merch. Co., 233 F.Supp. 260 (S.D.N.Y.1964).

2. Zdanok v. Glidden Co., 327 F.2d 944, 952–953 (2d Cir.), cert. denied 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); First Nat'l Bank v. National Airlines, Inc., 288 F.2d 621, 623 (2d Cir.), cert. denied Kessler v. National Airlines, Inc., 368 U.S. 859, 82 S.Ct. 102, 7 L.Ed.2d 57 (1961); Meyers v.

Jay Street Connecting R. R., 288 F.2d 356, 360 n. 10 (2d Cir.), cert. denied, 368 U.S. 828, 82 S.Ct. 49, 7 L.Ed.2d 31 (1961).

3. See Dictograph Prods. Co. v. Sonotone Corp., 230 F.2d 131, 134 (2d Cir.), appeal dismissed per stipulation, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956); see generally 1A MOORE, FEDERAL PRACTICE ¶ 0.404 [4] (2d ed. 1961).

cf. Davis v. E. I. DuPont de Nemours & Co., 240 F.Supp. 612, 626–627 (S.D. N.Y.1965). The factual issue of whether plaintiff in *good faith* failed to indicate prior publication in Japan is, therefore, crucial in determining its right to the equitable relief it seeks from this court. Since this issue is in dispute, summary judgment is inappropriate.

■ Plaintiff's contention that there was no publication, as a matter of law, in Japan does not remove the factual issue of its good faith. While there may be some room for argument that the Japanese exhibition and sale did not constitute sufficient publication to divest copyright, there can be no doubt that it was sufficient to invest copyright. See Hirshon v. United Artists Corp., 100 U.S.App.D.C. 217, 243 F.2d 640 (1957); American Visuals Corp. v. Holland, 239 F.2d 740 (2d Cir. 1956); Nimmer, Copyright § 58.2 (1964) and authorities cited therein. Since the application for copyright obviously is concerned only with the latter type of publication, plaintiff cannot, on a motion for summary judgment, assert this possible legal issue as a roadblock to an inquiry into its good faith.

Finally, it must be noticed that the Examining Division of the Copyright Office, among other things, checks for the adequacy of the notice of copyright on works submitted.[4] Under its own regulation (37 C.F.R. 202.2(a) (3) ), the Examining Office, if informed of prior publication in Japan without "adequate copyright notice," would have refused copyright. Plaintiff's legal contention that this regulation is an incorrect statement of the law is not controlling on the issue of good faith; it is at least arguable that there was a purposeful failure to disclose Japanese publication in order to avoid this initial rejection by the Copyright Office.

Since there is a genuine issue as to at least one extremely material fact, it is unnecessary and inappropriate to deal with the interesting legal issues raised by the parties. Moreover, other unresolved issues of fact emerge from the papers. For example, in its cross-motion for summary judgment, plaintiff, for the first time, claims co-authorship of the toy catcher by a Japanese citizen, although no such position was taken when it moved in April 1964 for a preliminary injunction.[5] The first display or sale, whether technically a "publication" or not, occurred in Japan. This contention may well be crucial on the issue of whether American copyright protection was thereby lost, since plaintiff's position is that "publication" by a Japanese co-author of the toy in Japan would not, under the applicable law, place it in the public domain. Significantly, plaintiff itself argues that the "additional evidence"[6] of co-authorship is sufficient to distinguish whatever precedential value might otherwise be afforded by the prior denial of plaintiff's application for a preliminary injunction. Although defendant does not explicitly deny the additional facts urged by plaintiff, nevertheless since this issue has not previously been raised, a question of credibility exists which should be determined by a trier of fact.

Accordingly, both motions for summary judgment are denied. Settle order on notice specifying the facts not in dispute and the issues remaining to be tried. Since the case should proceed to trial expeditiously, the order submitted should also provide a suggested outside date for completion of all discovery.

---

4. Kaplan, The Registration of Copyright, in Subcomm. on Patents, Trademarks, and Copyrights of the Senate Comm. on the Judiciary, 86th Cong., 2d Sess. 35 (Comm. Print Copyright Law Revision Study No. 17, 1958).

5. See case cited in note 1 supra.

6. Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, p. 12.