**HOBEAU ENTERPRISES, INC.,**
**Plaintiff,**

v.

**PRINTSIPLES FABRIC CORP., Bobbie**
**Brooks, Inc., Russ Togs, Inc., and**
**Ohrbach's Inc., Defendants.**

**No. 75 Civ. 4553 (HFW).**

United States District Court,
S. D. New York.

Sept. 12, 1977.

Amster & Rothstein, New York City, by Jesse Rothstein, Roy H. Wepner, New York City, of counsel, for plaintiff.

McAulay, Fields, Fisher & Goldstein, New York City, by Paul Fields, New York City, of counsel, for defendant.

MEMORANDUM

WERKER, District Judge.

This is a copyright infringement action by Hobeau Enterprises, Inc. (hereinafter "Hobeau") against Printsiples Fabric Corp. (hereinafter "Printsiples"), Bobbie Brooks, Inc., Russ Togs, Inc., and Ohbach's Inc. which terminated with a consent judgment entered into by all of the parties. Under the consent judgment, the defendants were permanently enjoined from infringing a copyright which Hobeau owns in a fabric design entitled Fishermen (# 597), registered in the United States Copyright Office under Registration No. H–54318. The complaint alleged that the defendants had infringed the copyright by manufacturing, distributing or selling fabric which bore the design which is the subject matter of the copyright.

Printsiples has moved to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. It alleges that it has obtained an illustration from a 1920 French magazine, "Gazette Du Bon Ton," which proves that plaintiff's design, which is the subject matter of the copyright, was created from an underlying source.

*Rule 60(b)*

Defendant argues that the newly discovered evidence which it has uncovered falls within the terms of Rule 60(b)(2), which permits the court on motion to relieve a party from a final judgment where evidence which could not by due diligence have been uncovered is newly discovered.

The affidavits submitted by defendant support the fact that it made a diligent attempt to discover the source of plaintiff's design prior to the entry of the consent judgment. During the course of discovery in another copyright action brought by plaintiff (in which defendant was not a party), Printsiples learned that the party alleged to have been responsible for the

creation of this design, plaintiff's employee Ruffini, stated that he produces designs solely from inspiration and that he does not refer to any prior art. Despite this information and in spite of plaintiff's continuing representations that the design was original, Printsiples consulted Marjorie Miller, an art reference librarian at the Fashion Institute of Technology and also the librarian of the Costume Institute at the Metropolitan Museum of Art in an attempt to discover the source of the plaintiff's design. Ms. Miller indicated to the defendant that finding the source of the design would be almost impossible due to the fact that the design was a pastiche, *i. e.,* made up of selections from different sources, and because the costumes depicted in it were imaginary rather than historical. Nevertheless, the defendant continued searching for the source. Defendant's secretary-treasurer participated in a search for the plaintiff's source by reviewing several magazines in which it had been suggested the design might have appeared. Notwithstanding defendant's efforts, the source was not discovered until after the consent judgment had been entered. It was in fact purely by accident that the source of the design in question was uncovered when Ms. Miller, while conducting research on an unrelated matter, discovered the source and advised the defendant.

The significance of the newly discovered evidence lies in the fact that it supports two possible defenses to the action for copyright infringement which defendant had no reason to expect it could assert prior to the entry of the judgment. In order to prove its cause of action plaintiff would have to show that the design in question is copyrightable. M. Nimmer, 2 *Nimmer on Copyright* ¶ ¶ 141, 141.1 (1976). The existence of the French illustration goes to the issue of whether or not there was an original product which is copyrightable, *i. e.,* whether there are copyrightable differences between plaintiff's design and the 1920 illustration. *See Alfred Bell & Co. v. Catalda Fine Arts, Inc.,* 191 F.2d 99 (2d Cir. 1951). Moreover, defendant argues that the existence of the French illustration could support a defense

of "unclean hands" because by failing to mention the fact that the fabric design contained "new matter" in the registration form, plaintiff implied that no underlying source existed. *See Vogue Ring Creations, Inc. v Hardman,* 410 F.Supp. 609 (D.R.I. 1976); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) (*per curiam*), *cert. denied,* 353 U.S. 949, 77 S.Ct. 861, 1 L.Ed.2d 858 (1957); *Ross Products, Inc. v. New York Merchandise Co.,* 233 F.Supp. 260 (S.D.N.Y.1964). It is unnecessary for me either to resolve the question of whether or not there are copyrightable differences between the designs in question or to express any view with respect to the strength of the assertion that plaintiff acted with unclean hands. It is sufficient that newly discerned facts give rise to the possibility of asserting such defenses.

The fact that the defendant had voluntarily entered into the consent judgment is not a basis in this instance for denying its motion to vacate the judgment. *See* 7 Moore's Federal Practice ¶ 60.19 (2d ed. 1975). In setting forth facts sufficient to prove that it is entitled to have the judgment vacated on the basis of newly discovered evidence, Printsiples has demonstrated that it was operating under an erroneous factual assumption and that it made diligent efforts to discover the facts. In light of these circumstances, it is entitled to the relief it seeks in spite of the fact that the judgment which was entered was a consent judgment. *See Swift & Co. v. United States,* 276 U.S. 311, 324, 48 S.Ct. 311, 72 L.Ed. 587 (1928) (where although the Court stated that the scope of inquiry on such a motion is narrow, it suggested mistake may be a basis for vacating a consent degree); *United States v. Gould,* 301 F.2d 353 (5th Cir. 1962) (trial on facts ordered where government had erroneously stipulated to facts which served as basis for judgment before court would determine whether judgment would be vacated); *Fleming v. Huebsch Laundry Corp.,* 159 F.2d 581 (7th Cir. 1947) (consent judgment vacated where defendant had no basis for knowing that his conduct was not in violation of unpublished

regulations); C. Wright & A. Miller, *Federal Practice and Procedure* § 2858 (1973). The court in *Fleming v. Huebsch Laundry Corp.* noted moreover that the standards under the predecessor to Rule 60(b) applied to judgments on consent as well as those entered after trial.

Since I find that Printsiples has met the requirements under subsection 2 of Rule 60(b), it is unnecessary for me to address the other possible grounds for relief from judgment under that rule. The motion to vacate the consent judgment is granted.

Settle order on notice.