176 N.J. Super. 190 (1980)
422 A.2d 777
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE LEE POWELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 1980.
Decided October 10, 1980.
*191 Before Judges FRITZ, POLOW and JOELSON.
Stanley C. Van Ness, Public Defender, for appellant (Barry D. Szaferman designated attorney and on the letter brief).
John J. Degnan, Attorney General, for respondent (Mary Ann Kenny Pidgeon, Deputy Attorney General, of counsel).
The opinion of the court was delivered by POLOW, J.A.D.
*192 Two multiple-count indictments, each charging breaking and entering with intent to rape, forcible rape, robbery and threat to take a life, were consolidated for trial. The two offenses indicated a similar criminal pattern and both were committed in the City of Plainfield, one on March 15, 1977 and the other on September 13, 1977. The crimes were otherwise unrelated.
Defendant was found guilty by a jury on all nine counts of the two indictments. Sentences aggregating 53 to 79 years in State Prison were imposed. (Defendant had previously been convicted of similar offenses after two earlier trials. Hence, the aggregate sentence includes the consecutive portion imposed upon the convictions involved in this appeal.)
The guilty verdicts in the consolidated indictments before us were based primarily upon defendant's written confessions which were admitted in evidence. The sole contention on this appeal is that the trial judge erred in refusing to conduct Miranda[1] hearings to determine admissibility of the two written statements allegedly given by defendant. We agree with this contention and remand to the trial court for Miranda hearings.
Defendant was arrested on October 15, 1977 when, during an interrogation of about five hours, he signed five confessions involving previously unsolved rapes which had been committed in the City of Plainfield between February and September, 1977. Consequently, he was charged with rape in five separate multi-count indictments. The first of the five indictments, involving a rape which occurred on February 12, 1977, resulted in a conviction affirmed on appeal. During that trial a Miranda hearing was conducted on the confession relating to that offense. It was found to be admissible and was submitted to the jury.
A second trial, before a different judge, involved an indictment for a rape committed in Plainfield on June 20, 1977. *193 Although defendant had been represented by private, retained counsel at his first trial, a representative of the Public Defender's office appeared on his behalf for the second trial. A Miranda hearing was conducted prior to selection of the jury. It is the State's contention, accepted by the trial judge in the matter presently before us, that defendant entered into a binding stipulation at the Miranda hearing on that second indictment permitting the trial judge to resolve the admissibility question in connection with the remaining three indictments. Upon hearing the testimony of two detectives and defendant, the trial judge ruled that all four confessions were admissible, including that which dealt with the charge for which a jury was then immediately selected and including the two indictments which later were consolidated for trial before another trial judge and are the subject of this appeal.
We find it difficult to understand why counsel apparently failed to provide the trial judge in the present case with a copy of the Miranda hearing transcript. In fact, no such transcript has been provided by either party on this appeal. Such a record is obviously essential to a proper disposition of the issue involved. R. 2:5-3(b). Therefore, we have obtained a copy from the record on appeal of the trial of the second indictment against this defendant. His conviction in that trial has already been affirmed on appeal and his petition for certification has been denied. State v. Powell, 84 N.J. 378 (1980).
When defendant appeared for trial of the second charge resulting from the five confessions, it was the trial judge himself who suggested one hearing on all four remaining statements. The following colloquy took place, prior to trial, on February 8, 1978:
THE COURT: Were these statements all taken at the same time?
[THE PROSECUTOR]: Yes, your Honor on the evening of October 15th.
THE COURT: In succession?
[THE PROSECUTOR]: Yes, your Honor. They are separate statements but they were taken within a few hours.

*194 THE COURT: All right, so I understand it, we're starting the trial of 155 but we won't pick the jury until after we have the Miranda hearing, is that right?
[THE PROSECUTOR]: Yes, your Honor.
[DEFENSE COUNSEL]: That's my understanding.
THE COURT: Well, have you suggested to counsel that we have one hearing on all the statements that will become the law of the case so it won't have to be done at each trial? So this way it's an advantage to the State so they don't have to produce the same witness over and over again. It seems to me it's always an advantage to the defendant because then the Court could have an overall picture of the whole incident as far as the taking of all the statements. Do you have any objection to that, proceeding that way, Mr. Wood?
[DEFENSE COUNSEL]: I have no objection, your Honor.
THE COURT: All right we'll do that. Then all right call your first witness please.
A careful review of that record indicates that although counsel for defendant therein cross-examined State's witnesses with regard to some details of the crime on which he was then prepared to proceed, there was no such cross-examination with regard to the statements used in the consolidated charges resulting in the convictions presently before us. Furthermore, and most significantly, defense counsel consented to the judge's recommendation that "the statements ... will become the law of the case ...." without any apparent prior notice and without the express or implied approval of the defendant himself.
In State v. Yough, 49 N.J. 587, 590 (1967), our Supreme Court recognized that the standard practice requiring that motions to suppress statements or confessions be heard during trial was being violated in some cases where such motions were heard immediately before selection of the jury. Following our recommendation set forth in State v. Elysee, 159 N.J. Super. 380, 385 (App.Div. 1978) the rule was amended as of September 10, 1979 to permit hearings to resolve admissibility of statements immediately prior to jury selection. R. 3:13-1(b). Still, the absence of such a specific rule at the time of the consolidated hearings herein would not in itself vitiate a properly conducted Miranda hearing merely because it was conducted prior to selection of the jury, State v. Graham, 59 N.J. 366 (1971), provided it was heard *195 "on the trial date" and, provided further "that after making their determinations they have immediately proceeded with the trial without any fragmentation or interruption." Id. at 372-373. In the case before us, the Miranda hearing which the trial judge considered binding upon him was not conducted on the trial date nor did the matter immediately proceed on the indictments with which we are concerned. There was considerable fragmentation and interruption.
Nor do we consider the stipulation, in any sense, binding upon defendant. "[F]airness and justice dictate that we disregard a stipulation which not only contravenes applicable law but also represents a studied effort to circumvent normal practice." State v. Elysee, supra, 159 N.J. Super. at 384.
Furthermore, we do not deal here with the type of procedural or tactical stipulation made by counsel for his client which is ordinarily binding on a litigant. See State v. Cinigilo, 57 N.J. Super. 399, 405-406 (App.Div. 1959). In fact, the stipulation which was held binding against this defendant without any evidence of his understanding consent was made by someone other than his counsel in this case and by someone who did not purport to represent defendant with regard to the charges against him in the case presently on appeal.
It is true, as the plaintiff points out, that litigants are generally held bound by the mistaken as well as the sound procedural determinations of their counsel. Karcher v. Philadelphia Fire & Marine Ins. Co., 19 N.J. 214, 216 (1955); State v. Newman, 36 N.J. Super. 506, 511 (App.Div. 1955). But the rule is not an absolute one and is to be applied rationally and with fair recognition of the fact that justice to the litigants is always the polestar. See Devlin v. Surgent, 18 N.J. 148, 153 (1955); N.J. Highway Authority v. Renner, 18 N.J. 485, 495 (1955). [Martindell v. Martindell, 21 N.J. 341, 349 (1956)].
The "law of the case" doctrine applies only to the decision regarding a question of law or fact made during the course of the same litigation and is generally applicable and binding upon a trial judge even where the previous ruling was made by *196 another judge at a pretrial hearing. Wilson v. Ohio River Co., 236 F. Supp. 96, 98 (S.D.W. Va. 1964), aff'd 375 F.2d 775 (4 Cir.1967). The purpose of the doctrine is essentially to avoid repetition of litigation of the same issue during the course of a single trial. Nevertheless, the concept has been described as "merely a non-binding decisional guide addressed to the good sense of the court in the form of `a cautionary admonition' against relitigation `when the occasion demands it.'" Ross Products, Inc. v. N.Y. Merchandise Co., 242 F. Supp. 878, 879 (S.D.N.Y. 1965) (footnotes omitted). Hence, in a situation where a new trial was required after a mistrial, we held that a new Miranda hearing was appropriate although the confession had been excluded after the original hearing during the first trial. State v. Hale, 127 N.J. Super. 407, 413 (App.Div. 1974).
We need not here decide, and so we do not here imply, that the doctrines of res judicata or collateral estoppel are never available against a defendant in a subsequent trial where he has fully and fairly participated in the determination of an issue in a prior trial. See the concurring opinion of Judge Morgan in State v. Ingenito, 169 N.J. Super. 524, 533 (App.Div. 1979). Since the circumstances of this case do not demonstrate full and fair participation by defendant in the prior litigation of Miranda issues respecting the confession of the crimes here charged, we leave the legal issue for another day.
For the reasons stated, the matter is remanded to the trial court for a plenary Miranda hearing which is to be conducted and completed within 30 days hereof. If either confession is excluded, a new trial will be required on all counts of both indictments and we will not retain jurisdiction. If both confessions are found admissible, a transcript of the hearing shall be provided forthwith by defendant and we will retain jurisdiction. Counsel for defendant is charged with the responsibility of advising the clerk of this court in writing as to the determination within five days after the announcement thereof.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).