STATE OF NEW JERSEY, PLAINTIFF, v. JOHN
DUPREE, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Union County

Decided January 25, 1984.

*Joseph Rubino* for plaintiff (*John H. Stamler*, Prosecutor of Union County, attorney).

*Walter Florczak* for defendant.

MENZA, J.S.C.

The issue before the court in this case is whether a defendant is entitled to a pretrial hearing regarding his *Miranda* rights and the voluntariness of his confession * where he has fully and fairly participated in the determination of these issues in a prior trial. This question was left open in *State v. Powell*, 176 *N.J.Super.* 190, 196 (App.Div.1980), certif. den. 87 *N.J.* 333 (1981).

For the reasons hereafter stated I conclude that a second *Miranda* hearing is not required under the facts of this case.

As part of an investigation into the robbery of a Gino's restaurant in Elizabeth on January 8, 1983, the defendant was brought to the police station for questioning. During the course of the interrogation, defendant signed a statement in which he confessed to being the driver of the getaway car in the robbery under investigation. In the same statement the defendant confessed to being the "wheel man" in two related robberies as well. Defendant was subsequently charged with these robberies in three separate indictments. Each was to be tried separately before this court.

Prior to the trial on the first indictment the court held a *Miranda* hearing pursuant to *R.* 3:13–1(b). The hearing lasted the better part of a day and involved extensive cross-examination of the police officers involved in the taking of the statement by defense counsel. At the conclusion of the hearing this court determined that the statement satisfied the requirements of *Miranda* and had been voluntarily given. Consequently it was admissible at trial.**

---

*Hereinafter referred to as a *Miranda* hearing. *Miranda v. Arizona*, 384 *U.S.* 436, 86 *S.Ct.* 1602, 16 *L.Ed.*2d 694 (1966).

**Only those portions of the statement relating to the charge being tried would be admissible. Portions referring to the other crimes would be deleted. *State v. McMillan*, 65 *N.J.Super.* 478 (App.Div.1961).

Defendant's trial in the first indictment ended in an acquittal. Now, prior to the jury being sworn in for trial on the second indictment counsel for defense has made a motion for another *Miranda* hearing. He argues that *State v. Powell, supra,* entitles him to such a hearing.

A brief summary of the facts and holding of that case is essential to this decision. In *Powell,* the defendant signed five separate statements confessing to various crimes. The statements were taken in succession within a few hours of each other. Five multiple count indictments resulted from the confessions. One indictment was tried following a pretrial *Miranda* hearing with respect to the statement relevant to that offense. Defendant was convicted. The trial on the second indictment was held before a different judge and with new counsel representing the defendant. At that trial defense counsel entered into a binding stipulation permitting the trial judge to resolve the *Miranda* issues in connection with the admissibility of the confessions relating to the offense to be tried and to the three remaining indictments. The trial court found each statement admissible. A third trial was held. Two of the remaining indictments were consolidated for this trial. These indictments became the subject of the appeal in *Powell.* When the State invoked the binding stipulation against still another new defense attorney, the trial court refused to hold yet another *Miranda* hearing. The court in *Powell* held the trial court's refusal to be reversible error.

The court cited several reasons for its holding. One reason related to the procedure for conducting *Miranda* hearings which was in effect at the time of the trial on the consolidated indictments. Standard practice dictated that, at a minimum, the hearing be held on the trial date and that the trial commence immediately following the determinations without any fragmentation or interruption. *State v. Powell, supra,* 176 *N.J.Super.* at 195. The *Miranda* hearing which the trial judge considered binding upon him, the court noted, was conducted some time before, at the second trial, thus making for considerable frag-

mentation and interruption. *Ibid.* This rationale is no longer viable, however in light of a subsequent amendment to *R.* 3:13–1(b), effective September 1982, which is applicable to the present case and which permits *Miranda* hearings to be held "at *any time* prior to trial." Emphasis supplied. As the comments to the rule make clear, the policy underlying this change favors disposition of the contested issues as early as possible. Thus the rule, as presently promulgated, poses no bar to holding the *Miranda* hearing at one time and the trial at another. *Pressler, Current N.J. Court Rules,* Comment *R.* 3:13–1, at 441–442 (1984).

The other reasons cited by the court in *Powell* pertain to the peculiar facts of that case. First, at the *Miranda* hearing prior to the second trial, defense directed its cross-examination at the statement related to the charge that was about to be tried. There was no cross-examination with regard to the statements relating to the other pending charges. *State v. Powell, supra,* at 194. Another reason was that Powell's attorney for the third trial was bound by a stipulation made by a different attorney in the prior litigation, someone who consented "without approval of the defendant himself", *ibid.,* and "someone who did not purport to to represent defendant with respect to the [pending charges]." *Id.* at 195.

The factual circumstances of this case serve to clearly distinguish it from *Powell.* Here, defendant signed a single statement confessing to three separate instances of criminal activity. The entire statement was the subject of a lengthy *Miranda* hearing. Counsel for defense had full opportunity to cross-examine the witnesses with respect to all crimes embodied therein and did so. The *Miranda* hearing was held before the same judge who presided at the first trial and who now presides over the second. The defendant was represented at the *Miranda* hearing by the same attorney who defended him at the first trial and who will defend him at this trial. Moreover, it was understood prior to the hearing by all parties concerned that counsel would represent defendant with respect to the charges

pending against him in all three indictments. Under these circumstances it cannot be said that defendant was deprived of a full and fair opportunity to litigate the *Miranda* issues respecting the confession of the crime for which he now stands trial. To conduct another *Miranda* hearing pursuant to *R.* 3:13–1(b) in this instance would result in "unjustifiable delay and expense." *R.* 1:1–2.

Finally, I note that while this issue has not been decided in many states including New Jersey, the decision reached today is not without precedent. In *Hall v. State*, 276 *Ark.* 245, 634 *S.W.*2d 115 (Sup.Ct.1982), *cert.* den., 459 *U.S.* 1109, 103 *S.Ct.* 738, 74 *L.Ed.*2d 960 (1983) the Supreme Court of Arkansas held that it was no abuse of discretion for a trial court to deny a *Miranda* hearing under factual circumstances identical to this case.

Accordingly, defendant's motion is denied. It is further ordered that the record of the *Miranda* hearing held in the previous case be made a part of the record of this case.