## CALIGA v. INTER OCEAN NEWSPAPER COMPANY.

### ERROR TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 22. Argued November 5, 1909.—Decided November 29, 1909.

Statutory copyright is not to be confounded with the exclusive property of the author in his manuscript at common law.

In enacting the copyright statute Congress did not sanction an existing right but created a new one dependent on compliance with the statute.

Under existing copyright law of the United States there is no provision for filing amendments to the first application; and, the matter being wholly subject to statutory regulation, copyright on a second application cannot be sustained.

The statutory limit of copyright cannot be extended by new applications.

157 Fed. Rep. 186, affirmed.

THE facts are stated in the opinion.

Mr. Otto Raymond Barnett, with whom Mr. Clarence T. Morse was on the brief, for plaintiff in error:

Copyright exists at common law as an incident to ownership. It may be lost by publication. The copyright statutes specify what steps must be taken to avoid such loss upon publication. Myers v. Callaghan, 5 Fed. Rep. 726; Wheaton v. Peters, 8 Peters, 591; Board of Trade v. Commission Co., 103 Fed. Rep. 902; Millar v. Taylor, 4 Burr. 2303; Donaldson v. Becket, 4 Burr. 2408.

Copyright law is to be construed liberally and beneficially. Nothing but a general publication or an express surrender of his rights will affect a proprietor's common-law copyright property. Allan v. Black, 56 Fed. Rep. 754; Myers v. Callaghan, 128 U. S. 617.

A general publication is one which gives an express or implied right to copy the thing published.

An exhibition of a painting under conditions which do not

give to the public a right to copy does not amount to a general publication. *Ladd* v. *Oxnard,* 75 Fed. Rep. 730; *Werckmeister* v. *American Lithographic Co.,* 134 Fed. Rep. 321.

A deposit of a photograph in the Library of Congress in compliance with the copyright statutes merely serves to identify the thing to be copyrighted and, not giving any express or implied right to copy, does not amount to a publication.

Under the statute the only condition which will prevent obtaining a copyright is prior publication. Rev. Stat., §§ 4952, 4956. A copyright registration may be abandoned by failure to publish within a reasonable time after such registration. In such event the common-law right never. ceases. *Boucicault* v. *Hart,* Fed. Cas. No. 1,692; *Carillo* v. *Shook,* Fed. Cas. No. 2,407.

If, therefore, a registration may be abandoned by failure to publish within a reasonable time, it may also be abandoned by a subsequent re-registration in the absence of any intermediate publication. *Osgood* v. *Aloe Inst. Co.,* 69 Fed. Rep. 291.

Common law copyright and statutory copyright cannot co-exist, the first only terminates upon a general publication, the second only begins upon a general publication. Prior to such publication, common-law copyright remains unimpaired notwithstanding any registration which may have been made with the Librarian of Congress for the purpose of obtaining the protection of statutory copyright. *Bobbs-Merrill Co.* v. *Straus,* 210 U. S. 339, 347; *Press Publishing Co.* v. *Monroe,* 164 U. S. 105; *Boucicault* v. *Hart,* Fed. Cas. No. 1,692; *Carillo* v. *Shook,* Fed. Cas. No. 2,407.

The title of a copyrighted publication must correspond with the title filed for purpose of copyright with the Librarian of Congress. *Mifflin* v. *White,* 190 U. S. 260.

The copyright statute providing a penalty for infringement is in form penal, but is remedial in intent. *Dwight* v. *Appleton,* Fed. Cas. No. 4215.

Plaintiff's only legal remedy for copyright infringement is

under Rev. Stat., § 4965, for the penalty there provided. *Walker* v. *Globe Newspaper Co.*, 130 Fed. Rep. 594.

Publication by a licensee of a copyrighted work without marking such reproduction "copyrighted," etc., does not invalidate the copyright. *Press Assn.* v. *Daily Story Co.*, 120 Fed. Rep. 766.

Any unauthorized reproduction of a copyrighted painting, or of the substance thereof, whether by a newspaper cut or otherwise, is an infringement of the copyright. *Werckmeister* v. *P. & B. Mfg. Co.*, 63 Fed. Rep. 445, 449; *Schumacher* v. *Schroenke*, 30 Fed. Rep. 690; *Falk* v. *Donaldson*, 57 Fed. Rep. 32; *Springer Co.* v. *Falk*, 59 Fed. Rep. 707; *Sanborn Co.* v. *Dakin Co.*, 39 Fed. Rep. 266.

The variance between the date of copyright registration pleaded under a *videlicet*, and the dates proven was not fatal, even if the registration of November, 1901, were a nullity. Greenleaf on Evidence, § 61; Stephen on Pleading, 292; Rawle's Bouvier, 1195; 1 Chitty Pl. 257; *Allen* v. *Black*, 56 Fed. Rep. 754; *Myers* v. *Callaghan*, 128 U. S. 617; *Salt Lake City* v. *Smith*, 104 Fed. Rep. 467; *Wheeler* v. *Read*, 36 Illinois, 85; *Beaver* v. *Slanker*, 94 Illinois, 175, 185; *Reinback* v. *Crabtree*, 77 Illinois, 188; *Long* v. *Conklin*, 75 Illinois, 33; *United States* v. *Le Baron*, 4 Wall. 648; *Taylor* v. *Bank of Alexandria*, 5 Leigh (Va.), 512; *Martin* v. *Miller*, 3 Missouri, 99; *Henry* v. *Tilson*, 17 Vermont, 479.

*Mr. James J. Barbour*, with whom *Mr. Clarence A. Knight* was on the brief for defendant in error:

Where two copyrights of the same painting are procured by the painter thereof, the second copyright is void. *Mifflin* v. *Dutton*, 112 Fed. Rep. 1004; *Lawrence* v. *Dana*, 15 Fed. Cas. No. 8,136; *Black* v. *Murray*, 9 Sc. Sess. Cas., 3d Ser., 341; *Thomas* v. *Turner*, 33 Ch. Div. 292; Scrutton, Law of Copyright, 119; Drone on Copyright, 146; Macgillivray on Copyrights, 27.

A patentee cannot have two patents for the same inven-

tion.  22 Am. & Eng. Ency. 314; *Miller* v. *Eagle Mfg. Co.*, 151 U. S. 186; *Suffolk Co.* v. *Hayden*, 3 Wall. 315; *James* v. *Campbell*, 104 U. S. 356; *Mosler Safe Co.* v. *Mosler*, 127 U. S. 354; *McCreary* v. *Pa. Canal Co.*, 141 U. S. 459; *Underwood* v. *Gerber*, 149 U. S. 224.

The reasons are that the power to create a monopoly is exhausted by the first grant, and a new patent for the same invention would operate to extend the monopoly beyond the period allowed by law.  *Odiorne* v. *Amesbury Nail Factory*, 2 Mason, 28; *Miller* v. *Eagle Mfg. Co.*, 151 U. S. 186.

Whatever rights are possessed by the proprietor of a copyright are derived from the copyright act and not from the common law.  *White-Smith Music Co.* v. *Apollo Co.*, 209 U. S. 1; *S. C.*, 147 Fed. Rep. 226; *Bobbs-Merrill Co.* v. *Straus*, 210 U. S. 339; *S. C.*, 147 Fed. Rep. 15; *Globe Newspaper Co.* v. *Walker*, 210 U. S. 356; *Wheaton* v. *Peters*, 8 Pet. 591; *Stevens* v. *Glading*, 17 How. 447; *Banks* v. *Manchester*, 128 U. S. 244; *Thomas* v. *Hubbard*, 131 U. S. 123; *Holmes* v. *Hurst*, 174 U. S. 82; *Palmer* v. *DeWitt*, 47 N. Y. 532.

The painting was published prior to the date of the application for the copyright of November 7.  The procurement of a copyright is a publication within the meaning of the statute, and vitiates a later copyright.  *Jewelers' Agency* v. *Jewelers Pub. Co.*, 155 N. Y. 241; *Bobbs-Merrill Co.* v. *Straus*, 147 Fed. Rep. 15.

The selling or offering for sale of photographs of a painting is a publication of the painting.  *Am. Tobacco Co.* v. *Werckmeister*, 146 Fed. Rep. 375.

Compliance with the statutory requirement that the notice of copyright shall be placed upon all copies sold must be pleaded and proved as a prerequisite to an action for recovery of penalties for an infringement of the copyright.  *Ford* v. *Blaney Amusement Co.*, 148 Fed. Rep. 642; *Falk* v. *Gast Lith. & Eng. Co.*, 40 Fed. Rep. 168; *Mifflin* v. *Dutton*, 190 U. S. 265; *Higgins* v. *Keuffel*, 140 U. S. 428; *Thompson* v. *Hubbard*, 131 U. S. 123.

Where a painter by repainting a copyrighted picture effects a substantial change, the original copyright does not protect the picture as repainted. Rev. Stat., § 4959, and see Fed. Stat. Ann.; *Lawrence v. Dana*, 15 Fed. Cas. No. 8,136; Drone on Copyrights, 146; 9 Cyc. 924.

In an action to recover for an infringement of a copyright it must be shown that the publication complained of is a copy of or copied from the copyrighted painting. Reproduction of a copyrighted photograph of a painting is not an infringement of the copyright on the painting. *Champney v. Haag*, 121 Fed. Rep. 944.

The insertion or impression of a copyright notice upon a painting before applying for a copyright is prohibited. Rev. Stat., § 4963, and see Fed. Stat. Ann.

A variance can only be where there is a clear discrepancy between averment and proof. 29 Am. & Eng. Ency. 580; *Walford v. Anthony*, 21 E. C. L. 75.

A brief by *Mr. E. L. Coburn* and *Mr. Josiah M. McRoberts* was filed by leave of the court for the Tribune Company as *amicus curiæ* to which a reply brief was filed by the counsel for plaintiff in error.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiff in error, also plaintiff below, brought an action in the Circuit Court of the United States for the Northern District of Illinois to recover damages under § 4965 of the Revised Statutes of the United States, because of the publication by the defendant of more than one thousand copies of a newspaper containing a picture of a painting, copyrighted by the plaintiff. The plaintiff alleged that he had in all respects complied with the Revised Statutes of the United States by causing to be deposited, on or about the fifth day of November, 1901, a photograph and a description of the painting for the purpose of having it copyrighted, which deposit was before

publication of the same in the United States or in any foreign country. By reason of the premises and the compliance with the statutes of the United States the plaintiff claimed to be entitled to a copyright for the painting for the term of twenty-eight years from and after the recording of the title thereof by the Librarian of Congress on November 7, 1901.

There were other allegations, and proofs tending to show a publication of a copy of the photograph in the newspaper of the defendant company. In the course of the trial it appeared that the plaintiff had deposited a description and photograph of the same painting with the Librarian of Congress on October 7, 1901, for the purpose of securing a copyright. The trial court charged the jury, as a matter of law, that the plaintiff had brought his suit upon the wrong copyright, and therefore directed a verdict in favor of the defendant. Upon writ of error the Circuit Court of Appeals for the Seventh Circuit affirmed this judgment. *Caliga* v. *Inter Ocean Newspaper Co.,* 157 Fed. Rep. 186. The case is now here for review.

The photographs filed upon the two applications for a copyright are identical. Nor is any substantial change in the painting shown; the copyrights undertaken to be secured were, therefore, upon the same painting. The difference is that in the copyright sued upon, that of November 7, 1901, the title and description are, "The Guardian Angel. Portrait of a young girl sitting; hair arranged smoothly over the ears, hair parted in the middle. Her guardian angel stands behind her, one hand resting on her left shoulder, the other on her right arm." The description accompanying the application for the copyright of October 7, 1901, is, "Maidenhood; A Young Girl seated beside a Window; An Angel stands behind her."

The question in this case is: Is the second attempt to copyright valid and effectual, or was the court right in charging in substance that it was void and of no effect?

We have had such recent and frequent occasions to consider the nature and extent of the copyright laws of the United States, as the same were before the recent revision, which took

effect July 1, 1909, that it is unnecessary to enter into any extended discussion of the subject now. *Bobbs-Merrill Co.* v. *Straus*, 210 U. S. 339; *White-Smith Music Pub. Co.* v. *Apollo Company*, 209 U. S. 1; *American Tobacco Company* v. *Werckmeister*, 207 U. S. 284; *Bong* v. *Campbell Art Co.*, 214 U. S. 236. In these cases the previous cases in this court were cited and reviewed.

As a result of the decisions of this court certain general propositions may be affirmed. Statutory copyright is not to be confounded with the common-law right. At common-law the exclusive right to copy existed in the author until he permitted a general publication. Thus, when a book was published in print, the owner's common-law right was lost. At common-law an author had a property in his manuscript, and might have an action against any one who undertook to publish it without authority. The statute created a new property right, giving to the author, after publication, the exclusive right to multiply copies for a limited period. This statutory right is obtained in a certain way and by the performance of certain acts which the statute points out. That is, the author having complied with the statute and given up his common-law right of exclusive duplication prior to general publication, obtained by the method pointed out in the statute an exclusive right to multiply copies and publish the same for the term of years named in the statute. Congress did not sanction an existing right; it created a new one. *Wheaton* v. *Peters*, 8 Pet. 591, 661. Those violating the statutory rights of the author or proprietor are subject to certain penalties, and to the payment of certain damages, as is provided in the statute.

Section 4952 of the Revised Statutes as amended in 1891 (3 Comp. Stat., § 3406), provides that the proprietor of any painting, upon compliance with the provisions of the copyright act, has the sole right of publishing, copying and vending the same. By § 4953 we find that this right exists for the period of twenty-eight years from the recording of the title of the copyright, with a right to certain extensions after the ex-

piration of the twenty-eight years, as provided in § 4954. In § 4956 we find that a copyright is secured by depositing, on or before the day of publication, in this or any foreign country, in case of a painting, a photograph of the painting, accompanied by a description thereof. There is absolutely no provision in the statutes for a second filing of the photograph or description, nor is there any provision as to filing any amendments thereto, and as the matter is wholly the subject of statutory regulation, we are at a loss to perceive by what authority any second application for the same painting, with a view to securing a copyright thereon, can be sustained. If it could be, we see no reason why the proprietor might not thus extend the limit of copyright fixed in the statute by an indefinite number of new applications and filings with the Librarian.

The argument of the plaintiff in error is that, inasmuch as the statutory copyright is not complete before a publication of the subject-matter thereof, and no publication being shown prior to the second application, it was within his power, while his rights were thus inchoate, to make the second application for the copyright, that of November 7, 1901. Assuming that these premises are correct and that publication was requisite to complete the right to be secured by the statute, it by no means follows that a second copyright is warranted by the statute. On the other hand, as we have already stated, the statute is barren of any provisions to that end. There is no provision, as there is in the patent law, for an amended application, and under the patent law it has been held that there is no authority for double patenting. *Miller* v. *Eagle Manufacturing Company,* 151 U. S. 186. This is so because the first patent exhausts the statutory right secured by the act of Congress.

In this case the plaintiff had complied with all the terms of the statute on October 7, 1901. He then attempts to take out a new copyright under the same statute on November 5, 1901, for the same painting, by depositing a new description of the painting and the same photograph. It is true there is a change

in the title of the painting, and a slight change in the description, but these matters are immaterial and cannot enlarge the right of the plaintiff. We think the same principle, in this aspect, controls, as in the case of a patent. The plaintiff had already exhausted his statutory right and the second attempt availed him nothing.

These views render it unnecessary to consider whether the record shows a publication of the painting prior to November 5, 1901. For the reasons stated, we are of opinion that the Circuit Court of Appeals was right in holding that the attempted duplication of the copyright was void and of no effect.

*Affirmed.*