CARNS et al. v. KEEFE BROS.

(District Court, D. Montana. May 5, 1917.)

No. 42.

COPYRIGHTS ☞40—ABANDONMENT OF RIGHTS.

Where a structure to represent an elk was erected over a city street as the chief attraction at a celebration to which the public was invited, assuming that the structure was a statue within the copyright law, a copyright attempted to be secured thereon was invalid, since, where a production is intended for and bound to be given free and unrestricted public exhibition, and is so displayed, there is a publication of the thing and dedication to the public, defeating copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 35.]

In Equity. Suit by E. B. Carns and others against Keefe Bros. Decree for defendants.

W. D. Kyle, of Butte, Mont., for plaintiffs. Wheeler & Grorud, of Butte, Mont., and Frank Woody, of Missoula, Mont., for defendants.

BOURQUIN, District Judge. Even as Hans Breitman, the Best People On Earth gave a party. All congenial souls and spirits were invited. For the success of such an enterprise, all recognize that guests must be amused and enthused. To that end the discreet business man donated more or less cheerfully, and many attractions were provided. The invitees, perhaps equally divided, were present. The celebration, to its full extent, was of endurance some several days. Competent judges estimate from 10,000 to 20,000 good fellows milled the streets for that period, enthusiastically separating themselves from surplus shekels, sans sandbagging, in solicitous endeavor to salt the tail of the elusive and illusive Bird of Pleasure, and that the underwriters made a profit.

The chief attraction was a monstrous elk (of the horned variety), which bestrode a street of Butte at a busy corner. Standing 60 feet in its hoofs, it was built of a wooden frame covered with what is described as "chicken" wire (whatever or why that may be), canvassed, plastered, and painted; and in conventional fashion it was all lit up all night, but with colored lights.

There is assurance that it resembled the real thing and was recognized by spectators of limited zoology. Local connoisseurs say that it was possibly neolithic in conception, perhaps slightly cubist in design, but positively nouveau in execution. At the hosts' expense, plaintiffs built it under cover and without police interference, reserving copyright. When unveiled, the structure bore plaintiffs' notice: "Copyrighted. Infringers beware." And the hilarious populace promptly shot this mighty elk with a thousand cameras.

Defendants bought and sold post card reproductions. Hence this suit for infringement; plaintiffs having registered copyright. If it be assumed that this creation was a "statue," within the law of copyright, the circumstances render the copyright invalid. Copyright, in analogy

to patents, is to reward originality and inventive genius, and to encourage it to put out its productions for public enjoyment and benefit, which otherwise the author proprietor might withhold, having right and power to do so, for his exclusive use and pleasure. If, however, the production is intended for or bound to be given free and unrestricted public exhibition—to attract the public to come and enjoy without price—and, if it is so displayed, there is publication of the thing and dedication to the public, again in analogy to patents, defeating copyright. For this display inevitably exposes the production to copy, and so is inconsistent with claim of copyright; and the latter cannot be preserved by any notice thereof hung upon the exhibit. This accords with the spirit of the law, and is suggested by Tobacco Co. v. Werckmeister, 207 U. S. 300, 28 Sup. Ct. 72, 52 L. Ed. 208, 12 Ann. Cas. 595.

That is this case. Plaintiffs built the structure for public free exhibition, and were bound to yield it to such. They could not withhold it. This elk could no more be copyrighted than Liberty Enlightening the World, or the Dewey Arch, or the Washington Monument, and no one will seriously claim these latter could be.

See generally, Caliga v. Newspaper Co., 215 U. S. 186, 30 Sup. Ct. 38, 54 L. Ed. 150, and cases cited.

Decree for defendants.