Marie **ROLLAND**, also known as Marie Romain Rolland and Madeleine Rolland, Plaintiffs,

v.

**HENRY HOLT AND COMPANY**, Incorporated, Pocket Books, Inc., Fred Reinfeld and Gilbert Cannan, Defendants.

United States District Court
S. D. New York.
March 21, 1957.

Marie Louise Stern, New York City, for plaintiffs.

Satterlee, Warfield & Stephens, New York City, for defendants Henry Holt & Co., Inc., Pocket Books, Inc., & Fred Reinfeld.

WALSH, District Judge.

Defendants Henry Holt and Company, Pocket Books, Inc., and Reinfeld, the only defendants who have been served, have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Their motion is granted.

Plaintiffs, claiming to represent the interests of the now deceased author and the original French publisher of Jean Christophe, complain that the defendants, by publishing an abridgment of this work, have intruded upon their rights. The complaint must be dismissed because it fails to allege that the work is protected in this country by either copyright or contract, and it fails to allege any other basis upon which recovery could be granted.

Neither in the complaint nor in plaintiffs' brief, nor in the extended argument which their counsel was permitted to make, have I been able to find a comprehensible statement of their theory of recovery. The brief disclaims any claim

of copyright infringement and the complaint alleges no facts upon which plaintiffs could claim any right to any existing copyright. There is no claim of any express contractual restriction upon the defendants. Plaintiffs describe their claim as follows:

"At the outset, it may be stated that the plaintiffs are not suing for infringement of a copyright or copyrights as such may have been registered in the United States Copyright Office for the French or English editions of the aforesaid literary work. Rather, plaintiffs base their claim on the facts of their case, which are supported and buttressed on all sides by well recognized principles of contract and tort law, as applied to dealings between publishers and authors in this country and other civilized countries of the world for some generations past. In short, the action may be described as an 'action on the case', and its determination will depend on this Court's interpretation of a certain contract made in Paris, France, on March 25, 1910 (Exhibit 'E' attached to the complaint)."

As best I can restate the claim, it seems to be that the author under French law retained control of the publication of his work, except in so far as he, by contract with his French publisher and by subsequent contract with a British publisher, released control of part of his rights. It is contended that the rights released did not include the right to publish an abridgment because the contract with the British publisher permitting it to bring out an English translation required that the English translation be one "conforming to the original edition". It is further claimed that the defendant, Holt, "obtained from" the English publisher the right to publish and sell the English edition in the United States (Paragraph 19); that Pocket Books published its abridgment "by arrangement with" the defendant Holt; and that the defendant Reinfeld was the person who prepared the abridgment for Pocket Books. It is apparently the plaintiffs' contention that the contract between the author and the English publisher restricts the actions of the defendants, although there is no allegation that they ever agreed to be so restricted. This claim, of course, does not spell out a right of recovery for a breach of contract.

Neither does it establish a claim for interference with any other right of the plaintiffs. In the absence of some right by contract or copyright, whatever right the author may have retained under the French law did not prevent the publication of his work in this country after it had been published in France. Publication unprotected by United States copyright releases a work for copying; it is then dedicated to the public and the author's common law rights no longer protect the work against duplication. Caliga v. Inter Ocean Newspaper Co., 215 U.S. 182, 30 S.Ct. 38, 54 L.Ed. 150; Holmes v. Hurst, 174 U.S. 82, 19 S.Ct. 606, 43 L.Ed. 904; Palmer v. DeWitt, 47 N.Y. 532. In this respect publication abroad has the same effect as publication here. American Code Co., Inc. v. Bensinger, 2 Cir., 282 F. 829, 833; Universal Film Mfg. Co. v. Copperman, D.C.S.D.N.Y., 212 F. 301, 304, affirmed, 2 Cir., 218 F. 577; The Mikado Case (Carte v. Duff), C.C. S.D.N.Y., 25 F. 183, 184; Basevi v. Edward O'Toole Co., D.C.S.D.N.Y., 26 F. Supp. 41, 45, 46.[1] See Palmer v. DeWitt,

---

1. Basevi v. Edward O'Toole Co., D.C.S.D. N.Y., 26 F.Supp. 41, 45, 46, has been modified by Heim v. Universal Pictures Co., 2 Cir., 154 F.2d 480, to the extent that publication abroad without notice of United States copyright will not preclude the owner from subsequently obtaining a valid United States copyright if the United States has a treaty extending copyright protection to citizens of the foreign country involved, in accordance with 17 U.S.C.A. § 9(b), and if under the laws of that country the publication there did not result in putting the work in the public domain. Here, however, plaintiffs have disclaimed any right to recovery under a copyright theory.

supra; Scribner v. Stoddart, C.C., 21 Fed.Cas. page 876, No. 12,561. Publication, protected only by foreign copyright statutes, releases the work for general duplication here. The statutory rights of authors do not extend beyond the sovereignty of their origin. The Mikado Case (Carte v. Duff), supra, 25 F. 183, 184.

The only copyright apparently in force is one upon the English translation and that is held by the translator, Gilbert Cannan, who is named as a defendant but who was never served and made a party to this action. Whatever rights he may have are not available to the plaintiffs. Contrary to the plaintiffs' view, a trust upon the translator's copyright will not be implied in favor of the author.

Complaint dismissed.