**SERBIN, INC., Appellant,**

v.

**KEY WEST HAND PRINT FABRICS, INC., Appellee.**

**KEY WEST HAND PRINT FABRICS, INC., Appellant,**

v.

**SERBIN, INC., Appellee.**

**No. 24067.**

United States Court of Appeals Fifth Circuit.

Aug. 14, 1967.

Eugene C. Heiman, Miami, Fla., for appellant.

James Guilmartin, Stanley Jay Bartel, Miami, Fla., for appellee.

Before BROWN, Chief Judge, SIMPSON, Circuit Judge, and SUTTLE, District Judge.

PER CURIAM:

Serbin, Inc. (Serbin), defendant in the District Court, appeals from a final judgment in favor of Key West Hand Print Fabrics, Inc. (Key West) finding infringement of two copyrights, No. K67524 ("Zuzek Rose Butter") and No. K66990 ("Dragon"). On appeal Serbin has raised points directed only to matters affecting liability. No question is raised as to the District Court's award of statutory damages [1] of $5,000 on each of the two counts, and of attorneys' fees [2] of $10,000.

Key West cross-appeals from the dismissal by the District Court, without prejudice, of a claim involving a third copyright K67222 ("Bougainvilla") for lack of an indispensable party plaintiff, one Charles Cervantes, in whose name the copyright was jointly registered. Key West does not question here the correctness of the District Court's dismissal,

---

1. Title 17, U.S.C. Sec. 101(b).

2. Title 17, U.S.C. Sec. 116.

for failure of proof, of its claim involving unfair competition.[3]

The District Court's opinion is reported in 269 F.Supp. 605. For the reasons carefully reviewed and enunciated there, requiring no elaboration by us, we affirm both as to the original appeal and the cross-appeal. As to the District Court's disposition of other matters (supra) not raised on either appeal or cross-appeal here, we of course express no views.

Key West applies for the allowance under the statute of additional attorneys' fees as a part of the costs for this appeal. The statute contemplates such fees. We deem it proper that such allowance be considered by the District Court rather than this court, and direct that that court consider an application therefor by Key West upon the going down of our mandate. D/S Ove Skou v. Hebert, 365 F.2d 341 (5 Cir. 1966) at 353.

Affirmed, with directions.

3. Title 28, U.S.C. Sec. 1338(b).