**Richard RUSKIN, Plaintiff,**

v.

**SUNRISE MANAGEMENT, INC., a Colorado Corporation d/b/a Sunrise Mobile/Modular Housing; Owen Advertising, Inc., a Colorado Corporation d/b/a Studio 40 Productions, d/b/a Glen Owen Advertising, Inc., and John Does I through X inclusive, Defendants.**

**Civ. A. No. 79–K–709.**

United States District Court,
D. Colorado.

Jan. 29, 1981.

James G. Benjamin, Towey & Zak, Denver, Colo., for plaintiff.

Theodore H. Merriam, Denver, Colo., for Sunrise.

David C. Deuben, Lakewood, Colo., for Glen Owen.

## ORDER

KANE, District Judge.

Defendant Glen Owen Advertising, Inc., filed a motion for summary judgment in this copyright infringement action on December 13, 1979. Defendant Sunrise Management, Inc., joined in the motion on January 10, 1980. According to the complaint in this action, plaintiff Richard Ruskin is a musician and the sound recording performer of the song entitled "Here Comes The Sun," written by George Harrison, on Takoma Records, Catalog Number C–1039. Ruskin alleges he is the assignee of Copyright Number SR 11–534 which gives him the exclusive right to public performance of the sound recording of the song. He alleges in

his complaint that defendants violated or infringed upon his copyright by publicly performing and broadcasting the song on the radio and in television advertisements. He also asserts common law claims of misappropriation of talent without his knowledge or consent, and breach of contract. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1338(a).

Defendants move for summary judgment on four grounds:[1] Ruskin, or Takoma Records, forfeited statutory copyright protection by publishing sound recording C–1039 without the required statutory copyright notice prior to obtaining the copyright; Ruskin is not entitled to institute an infringement action as an assignee because the instrument of assignment has not been recorded in the United States Copyright Office as required by 17 U.S.C. § 205(d); the conditioned assignment contains no transfer of copyright to pursue a claim against Owen Advertising for infringement, but only against Sunrise Management; and the defendants incur no liability for actual or statutory damages under 17 U.S.C. § 504 because any infringement, if it occurred, was an innocent infringement and excepted by 17 U.S.C. § 405(b). Having given careful consideration to each of these grounds, I find that summary judgment is inappropriate.

## COPYRIGHT NOTICE

During the period of at least May 1, 1978 to August 31, 1978, Owen Advertising represented Sunrise Management in a commercial advertising capacity. The affidavit of Glen Owen, president of Owen Advertising, states that the advertising agency receives as a matter of course record albums from local radio stations without cost to the agency for promotional and other purposes and retains the record albums in a library. He averred that the agency so received Ruskin's record album on the Tacoma label, Serial Number C–1039, containing the song "Here Comes The Sun." He further aver-

---

1. Defendant Sunrise Management joins in only the first, second and fourth grounds for summary judgment.

red that neither the record album itself nor the jacket contained a notice of copyright. Photographs of the record album was by all accounts published on or about January 15, 1974. Defendants acknowledge that the album copies submitted to the Copyright Office on June 28, 1979, for purposes of obtaining Registration SR 11–534, contained the necessary notice. Nonetheless, defendants assert that Takoma's failure to publish the 1974 copies of the recording with the required statutory copyright notice resulted in the irrevocable forfeiture of all rights under the United States copyright laws.

The present copyright law, 17 U.S.C. § 101 et seq., was enacted on October 19, 1976 and became effective on January 1, 1978. Section 103 of the enactment, Public Law 94–553, Title I, 90 Stat. 2599, entitled "Lost and Expired Copyrights; Recording Rights," provides that "[t]his Act does not provide copyright protection for any work that goes into the public domain before January 1, 1978...." See note to Title 17. Tacoma applied for its copyright under the new law in June, 1979. If it placed publications of the sound recording of "Here Comes The Sun," Catalog Number C–1039, into the public domain without the copyright notice, as defendants assert, then its copyright protection should have been forfeited and the registration would be improper. I find, however, that in this motion for summary judgment Ruskin has successfully rebutted defendants assertions and thus they have failed to meet their burden of proof.

■ The general publication without restriction of a copyrightable work with the consent of the creator or proprietor places the work in the public domain. *Caliga v. Inter Ocean Newspaper Co.,* 215 U.S. 182, 188, 30 S.Ct. 38, 39, 54 L.Ed. 150 (1909). *Accord Burke v. National Broadcasting Co.,* 598 F.2d 688, 691 (1st Cir. 1979), *cert. denied,* 444 U.S. 869, 100 S.Ct. 144, 62 L.Ed.2d 93 (1980); *Bell v. Combined Registry Co.,* 397 F.Supp. 1241 (N.D.Ill.1975), *aff'd,* 536 F.2d 164 (7th Cir. 1976), *cert. denied,* 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976); *Mitchell Bros. Film Group v. Cinema Adult Theater,* 192 U.S.P.Q. 138 (N.D. Tex.1976). By definition, a general publica-

tion is such dissemination of the work itself among the public as justifies the belief that it had been dedicated to the public and rendered common property. *American Tobacco Co. v. Werckmeister,* 207 U.S. 284, 300–301, 28 S.Ct. 72, 77–78, 52 L.Ed. 208 (1907). By contrast, a limited or qualified publication of the work will not prohibit later copyrighting, *Baker v. Selden,* 101 U.S. 99, 25 L.Ed. 841 (1879), nor will a publication or showing of the work with only the right to view or inspect it without more, *American Tobacco Co. v. Werckmeister,* 207 U.S. at 300, 28 S.Ct. at 77; *Patterson v. Century Productions, Inc.,* 93 F.2d 489, 492 (2d Cir. 1937), *cert. denied,* 303 U.S. 655, 58 S.Ct. 759, 82 L.Ed. 1114 (1938). Neither situation constitutes "general publication." Likewise, a limited publication to a select group, for a limited purpose, and without the right to reproduce, distribute, or sell the work is not a general publication, *White v. Kimmell,* 193 F.2d 744, 746 (9th Cir. 1952), *cert. denied,* 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357 (1952); *Williams and Wilkins, Co. v. United States,* 487 F.2d 1345 (Ct.Cl.1973), nor is an exhibition or showing of a work to get a reaction or opinion, *Ferris v. Frohman,* 223 U.S. 424, 435, 32 S.Ct. 263, 266, 56 L.Ed. 492 (1912); *Key West Hand Print Fabrics, Inc. v. Serbin, Inc.,* 269 F.Supp. 605, 619 (S.D.Fla. 1966), *aff'd,* 381 F.2d 735 (5th Cir. 1967).

■ Ruskin contends that the limited publication in 1974 of sound recording C–1039 did not present it to the public domain. According to the affidavits of Charles Mitchell, president of Takoma Records at the time of production of sound recording C–1039, and of Ruskin, the 1974 printing of the master recording without the copyright notice was of a small number and was inadvertent and a mistake. In addition, the records were not distributed for sale or for general distribution but were only for promotional purposes, the promotional copy record jackets were marked with a "promotional only" sticker or had the corner cut, and the copies of the records sent to radio stations as promotional materials were for exhibition only and not for resale, commercial use, or general publication. In Owen's

affidavit he concedes that the advertising agency received the record album C–1039 published in 1974 for promotional purposes. The affidavits of Mitchell and Ruskin further aver that all record album copies distributed generally or for sale contained the copyright notice: "© 1974 Takoma Records, Inc." Photocopies of an album with the copyright notice support this assertion.

I find that Ruskin has successfully rebutted defendants' assertions that the receipt by it of the 1974 copy of C–1039 was a general publication. In *Hirshon v. United Artists Corp.*, 243 F.2d 640 (D.C.Cir.1957), the court reversed an order granting summary judgment on the issue of forfeiture of copyright, holding that the copying and distribution of 2,500 copies of a song for promotional or "plugging" purposes, but for no other use, did not vitiate the copyright. *Id.* at 645. Although a notice was affixed to the song copies in *Hirshon*, it was incorrect, naming the songwriter and not the copyright proprietor. The court indicated that in the circumstances of the limited distribution for the particular purpose of promotional activities a copyright notice was not necessary to protect the copyrightability of the song. *Id.* at 644. Defendants have failed to show that Takoma's distribution of the 1974 record album copies was general and not limited promotional distribution. Therefore, summary judgment on this issue is improper.

### RECORDATION OF TRANSFER

17 U.S.C. § 205(d) of the copyright laws of the United States provides:

(d) *Recordation as Prerequisite to Infringement Suit.*—No person claiming by virtue of a transfer to be the owner of copyright or of any exclusive right under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office, but suit may be instituted after such recordation on a cause of action that arose before recordation.

A certified search report dated November 30, 1979 and issued by the Copyright Office of the United States indicates that as of that date no recordation of a transfer of copyright to pursue legal claims against either Sunrise Management or Owen Advertising existed. This suit was instituted on June 14, 1979. An assignment document dated January 8, 1980 transferred from Takoma Records to Ruskin the limited right under its copyright to prosecute all claims against Sunrise Management, its subsidiaries, or any advertising agencies employed by Sunrise Management—including specifically Owen Advertising, arising out of the use of the phonograph record master or copies of "'Here Comes The Sun,' Copyright Registration No. SR 11–534, Catalog No. TAK 7039." This document "revised" an earlier assignment of claims, dated June 1, 1979, which transferred only the right to prosecute claims against Sunrise Management. Recordation of the January 8 document is averred in Ruskin's second amended complaint dated January 26, 1981, which I granted leave to file on January 14, 1980. Proof of recordation is evidenced by Certificate of Copyright Recordation dated January 14, 1980, filed with the second amended complaint, dated January 26, 1981.

█ I recognize that under section 205(d) a suit on a cause of action that arose *before* recordation may be instituted only *after* recordation and that Ruskin filed this suit alleging infringement *before* recordation. Defendants moved for summary judgment on December 13, 1979 asserting that Ruskin failed to state a claim against defendants by failure to record, and specifically failed to state a claim against defendant Owen Advertising because the June, 1979 document was limited to defendant Sunrise Management. In his opposition to summary judgment, Ruskin attested that the revised assignment document had been submitted for recordation to the Copyright Office and he moved to amend his complaint after recordation to assert that the assignment was recorded. As indicated above, the complaint was so amended on January 26, 1981. Although recordation of a document of transfer of copyright is a jurisdictional prerequisite to the institution of a lawsuit based on infringement, *Burns v. Rockwood Distributing Co.*, 481 F.Supp.

841, 847 (N.D.Ill.1979), dismissal of the copyright claim in this case would have resulted only in dismissal without prejudice of the first claim with leave to amend the complaint after recordation. Diversity jurisdiction would have been retained over the last two claims. Upon amendment, the copyright claim would relate back, for statute of limitation purposes, to the original filing date of the complaint. Therefore, the amendment to the complaint was proper and not prejudicial to defendants. Because recordation has been completed summary judgment on grounds two and three of defendants' motion must be denied.

## INNOCENT INFRINGEMENT

■■■ Defendants' fourth ground for summary judgment is that if any infringement occurred, it was without notice of copyright due to the omission on the 1974 record album and thus it was innocent infringement resulting in no liability under 17 U.S.C. § 405(b). The complaint alleges violation of or infringement of the copyright during 1977, 1978, and 1979. Under section 405(b), applicable after January 1, 1978, an innocent infringer who is misled by an inadvertent omission of copyright notice is not subject to actual or statutory damages under section 504. The same rule existed under former section 20 of Title 17. *See Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co.*, 144 F.Supp. 577, 581–582 (S.D.N.Y.1956). The note to section 405(b) states that the limitation of rights against an innocent infringer applies "whether the notice has been omitted from a large number or from a 'relatively small number' of copies." 17 U.S.C. § 405, note. The underlying postulate of the provision is that one acting with a good faith assumption "that a work is in the public domain" and is not copyrightable should be shielded from unreasonable liability. *Id.* However, section 405(b) requires that the innocent infringer show he acted "in reliance upon an authorized . . . phonorecord from which the copyright has been omitted," and prove he was misled by the omission. 17 U.S.C. § 405(b). This "immunity" ends after actual notification of copyright registration.

■■■ Owen Advertising claims it had connection with or control over the activities of Sunrise Management with respect to sound recording C–1039 only between May 1, 1978 and August 31, 1978. Because it had no notice of copyright during this time it claims the protection afforded by section 405(b). Sunrise Management alleges no specific facts supporting innocent infringer status in joining in this part of the summary judgment motion. Ruskin in his opposition to summary judgment did not counter by affidavit or otherwise defendants claim of innocent infringement. The appropriateness of summary judgment on this issue therefore rests solely upon the sufficiency of defendants' motion and supporting affidavits and materials, *Griess v. Molybdenum Co.*, 488 F.Supp. 484, 486 (D.Colo.1979). I find that defendants have failed to meet the burden of proof under Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only where there exists no genuine issue of material fact. Fed.R.Civ.P. 56; *Adickes v. Kress & Co.*, 398 U.S. 144, 157–159, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1383 (10th Cir. 1980). As a matter of law the movant must show entitlement to summary disposition beyond all reasonable doubt. *Norton v. Liddell*, 620 F.2d 1375, 1381 (10th Cir. 1980). Important questions of fact remain to be determined of whether defendants were misled by the omission of the copyright notice from sound recording C–1039 to believe reasonably the album was in the public domain, and thereupon whether the defendants in good faith relied upon their belief and used the sound recording for commercial advertising purposes. Summary judgment is particularly inappropriate where, as here, questions of motive and intent are at issue. *Poller v. Columbia Broadcasting, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The motion for summary judgment is denied on the fourth ground asserted in defendants motion and it is

ORDERED that the defendants motion for summary judgment be and hereby is denied. It is further

ORDERED that defendants' motion to dismiss for failure to prosecute filed on January 20, 1981, is denied.