**Mitchell SIMON, Plaintiff,**

v.

**BIRRAPORETTI'S RESTAURANTS, INC., Defendant.**

**Civ. A. No. H–87–1466.**

United States District Court, S.D. Texas, Houston Division.

May 4, 1989.

Robert K. Lapin and Layne A. Thompson, Hill, Parker, Franklin, Cardwell & Jones, Houston, Tex., for plaintiff.

Donald Gunn and Nick A. Nichols, Jr., Gunn, Lee & Jackson, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

LAKE, District Judge.

Before the Court is the Motion for Summary Judgment of defendant, Birraporetti's Restaurants, Inc. For the reasons discussed below, the Court GRANTS defendant's motion.

## BACKGROUND

This is an action for copyright infringement under the Copyright Act, Title 17, United States Code. Plaintiff, Mitchell Simon, alleges that defendant, Birraporetti's Restaurants, Inc., infringed his copyright in a photographic poster by copying, reproducing, selling and advertising a photograph copied or reproduced from his copyrighted poster. Alternatively, Simon alleges state common law claims of conversion, misrepresentation, and unjust enrichment. Birraporetti's admits that it had access to Simon's photographic poster and used the poster as a source for creating its own advertisement, but denies that it is guilty of copyright infringement for two reasons: first, the photograph appearing in Simon's poster is in the public domain and therefore is not subject to copyright protection under the U.S. Copyright Act; and second, the allegations of conversion, misrepresentation and unjust enrichment are preempted under the U.S. Copyright Act, 17 U.S.C. § 301.

The undisputed facts in this case, as reflected in the parties' Joint Pretrial Order, are that Simon created an original photograph in the fall of 1977 depicting an elderly gentleman in a Santa Claus suit rummaging through Christmas ornaments in an attic. In December 1977, Simon authorized publication of his photo on the cover of *The Houston Clubber* magazine. This photograph was published without copyright notice. In 1979 Simon created a photographic poster from the earlier photograph entitled "The Old Man in the Attic" or, alternatively, "May a Dream Come True." This poster was first published on November 7, 1979. In 1985, Simon created a second version of the poster. (Simon alleges that all copies of the poster he produced contained a proper copyright notice.) In March of 1986, Birraporetti's offered to purchase the rights to Simon's poster, but Simon refused. In October 1986, Birraporetti's gave Simon's poster to Pamela Wilson to create an ad for its own use. On November 28, 1986, Simon registered the poster under Registration No. VA–244–304 in the United States Copyright Office pursuant to Title 17, United States Code. This was nine years after the creation and publication of the original photograph and seven years after the poster was first published. In December of 1986, Birraporetti's published a Christmas advertisement based on plaintiff's poster on the back covers of *Houston City* and *Ultra* magazines and in the December 1986 *West Oaks Mall* mailer.

## LEGAL DISCUSSION

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Thomas v. Harris County,* 784 F.2d 648, 651 (5th Cir.1986). The United States Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-moving party must go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, or admissions on file that specific facts exist over which there is a genuine issue for trial. *Id.* Defendant has moved for summary judgment on each of plaintiff's claims and has offered evidence in support of its motion. The burden is thus on plaintiff to offer evidence beyond his pleadings to show that a genuine issue of material fact exists as to each of these claims.

### A. *Copyright Infringement*

■ The critical question in this action is whether Simon has a valid copyright in his photographic poster. It is well established that for Simon's poster of his photograph to qualify for separate copyright protection it must meet the requirement of originality necessary in a derivative work. *Musto v. Meyer,* 434 F.Supp. 32, 36 (S.D.N.Y.1977), *aff'd mem.,* 598 F.2d 609 (2d Cir.1979). Both parties in this case agree that Simon's poster is a derivative work. See the Joint Pretrial Order, pp. 5 and 7, and Simon's Deposition, p. 59. In order to meet the requirement of originality, the additional matter added to a prior work must constitute more than a minimal contribution. *Sherry Manufacturing Co. v. Towel King of Florida, Inc.,* 753 F.2d 1565 (11th Cir. 1985). Courts have frequently found contributions to preexisting works too minimal to warrant the recognition of a new and separate copyright. 1 Nimmer on Copyright § 303 at 3–11 (1988) (*citing Shapiro, Bernstein & Co. v. Jerry Vogel Music Co.,* 73 F.Supp. 165 (S.D.N.Y.1947) (a new title and a change in rhythm and in the base insufficient); *Eggers v. Sun Sales Corp.,* 263 F. 373 (2d Cir.1920) (new and original pagination of a public domain work insufficient); *L. Batlin & Son, Inc. v. Snyder,* 536 F.2d 486 (2d Cir.), *cert. denied,* 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976) (a change in medium from metal to plastic insufficient); *Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905 (2d Cir.

1980) (making Walt Disney characters in the form of plastic, wind-up toys insufficient)).

Although the issue of originality is a factual one, a court may properly grant summary judgment for defendants when as a matter of law a trier of fact would not be permitted to find originality. *See Kisch v. Ammirati & Puris, Inc.*, 657 F.Supp. 380, 383–84 (S.D.N.Y.1987); *L. Batlin & Son, Inc.*, 536 F.2d at 492; *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972 (2d Cir.), *cert. denied*, 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980); *Musto v. Meyer*, 434 F.Supp. at 36–37. To do so, the lack of originality between the photo and poster must be " 'so clear as to fall outside the range of disputed fact questions' requiring resolution at trial." *Kisch*, 657 F.Supp. at 383, *citing Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir.), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986). When a court compares two works that are submitted with the parties' pleadings, "the works themselves supersede and control any contrary allegations of the parties." *Decorative Aides Corp. v. Staple Sewing Aides Corp.*, 497 F.Supp. 154, 157 (S.D.N.Y.1980), *aff'd*, 657 F.2d 262 (2d Cir.1981).

■ Professor Nimmer has opined that there are situations in which a photograph fails to warrant copyright for lack of originality. 1 Nimmer on Copyright § 2.08[E] at 2–123 (1988). There is no originality "[w]here a photograph of a photograph or other printed matter is made which amounts to nothing more than a slavish copying." *Id.* This rationale applies, for example, to any mechanical photocopying such as "photostat, microfilm, thermofax, and Xerox." *Id. Accord Gracen v. Bradford Exchange*, 698 F.2d 300, 305 (7th Cir. 1983). "No originality can be claimed in making an additional print from a photographic negative," and, therefore, when the same effect is achieved by photographing a print rather than reprinting a negative, "there should be no finding of greater originality." 1 Nimmer on Copyright § 2.08[E] at 2–123 (1988).

In the present case neither party disputes the identical nature of the photograph and the poster. Simon has not alleged that the poster has elements of originality, nor has he introduced evidence to support such an argument. Both parties agree that Simon's poster was made from his photograph. From inspecting the exhibits to the pleadings, the Court concludes that the poster and photo are pictorially identical, and the only addition to the poster is a barely visible title beneath the photograph. (The photo and poster, Exhibits D and F to Brief in Support of Defendant's Motion for Summary Judgment, are attached.)*

The Court therefore concludes that the poster fails to meet the requirement of originality necessary in a derivative work to entitle the work to a separate copyright. Thus, the copyright Simon obtained in the poster was invalid, and, as a matter of law, Simon cannot support a claim of copyright infringement. *Musto v. Meyer*, 434 F.Supp. at 36.

■ Furthermore, even if the Court had not concluded that the copyright in Simon's poster is invalid, Simon's claim of copyright infringement would still fail because the underlying photograph of the poster entered the public domain in 1977 and therefore is not subject to copyright protection. The Copyright Act of 1909, Act of March 4, 1909, ch. 320, 35 Stat. 1077, governs the rights of the parties in this case. Although the copyright laws were revised by the Copyright Act of 1976, which became effective on January 1, 1978, the 1909 Act still applies to copyrightable material placed in the public domain prior to the effective date of the 1976 Act. *Data Cash Systems, Inc. v. JS & A Group, Inc.*, 628 F.2d 1038, 1042 (7th Cir.1980). It is undisputed that Simon's photograph was published and distributed widely on the cover of *Houston Clubber* magazine in 1977, therefore bringing the photograph within the sphere of the Copyright Act of 1909.

Under the 1909 Act, statutory copyright could be obtained by a publication with

* Publisher's Note: Exhibits D and F are not    published herewith.

notice, and publication without notice resulted in forfeiture of the copyright. *Caliga v. Inter Ocean Newspaper Co.*, 215 U.S. 182, 188, 30 S.Ct. 38, 39, 54 L.Ed. 150 (1909); *Data Cash Systems, Inc.*, 628 F.2d at 1042; *Burke v. National Broadcasting Company*, 598 F.2d 688, 691 (1st Cir.1979), *cert. denied*, 444 U.S. 869, 100 S.Ct. 144, 62 L.Ed.2d 93 (1980); *National Comics Publication, Inc. v. Fawcett Publications, Inc.*, 191 F.2d 594, 598–99 (2d Cir.1951). *See also Fantastic Fakes, Inc. v. Pickwick International, Inc.*, 661 F.2d 479, 486 n. 6 (5th Cir.1981). A forfeiture may occur:

> [R]egardless of the copyright owner's intent to preserve the copyright. A forfeiture is imposed 'invitium because of the [copyright proprietor's] failure to comply with the prescribed formalities.' (citation omitted).

*Fantastic Fakes*, 661 F.2d at 486 n. 6. Since the general publication and distribution of Simon's photograph in 1977 occurred without copyright notice, Simon was divested of his copyright protections at that time unless the photograph was published in violation of an agreement to publish it only with proper copyright notice. *Conner v. Mark I, Inc.*, 509 F.Supp. 1179, 1180 (N.D.Ill.1981); 17 U.S.C. § 21.

The only evidence submitted by Simon that goes to this issue is his March 6, 1988, affidavit in which he alleges that if he had known the photograph would be published in the *Houston Clubber* magazine without a copyright notice, he would not have consented to its publication. During his deposition Simon could not recall any agreement with the Houston Club concerning the use of the photograph (p. 24), and he admitted that the photograph he furnished the club contained no copyright notice (p. 25).

■ When evaluating the sufficiency of summary judgment evidence the Court must apply the substantive evidentiary standard of proof that would apply at a trial on the merits. The Court must ask whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

Applying that standard to Simon's only evidence, his own affidavit statement, the Court finds that Simon has not satisfied his burden of proof. While all factual inferences must be resolved in favor of the nonmovant, the "nonmovant cannot manufacture a disputed material fact where none exists." *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir. 1984). *See also Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir.1984); *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 576–78 (2d Cir.1969). The present case is very similar to *Perma Research.* There the court affirmed a summary judgment for the defendant after the plaintiff had been extensively deposed and did not raise an issue of fact until his subsequent affidavit. There, as in the present case, the plaintiff's affidavit testimony did not directly contradict his deposition testimony, but merely raised new issues that were not brought out during deposition. *Id.* at 578.

Simon has not satisfied his burden of proof, and the Court must conclude that Birraporetti's is entitled to summary judgment on Simon's copyright infringement claim as a matter of law. Simon's poster has no valid copyright because the poster does not meet the requirement of originality for a derivative work and because the underlying work of the poster entered the public domain in 1977.

### B. *The State Law Claims*

■ Defendant argues that Simon's state law claims of conversion, misrepresentation, and unjust enrichment are preempted by the Copyright Act. In the present case, however, the fact that Simon permitted his photograph to enter the public domain is fatal to any state law claim he can assert. *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F.Supp. 1523, 1535 (S.D.N.Y.1985); *National Comics*, 191 F.2d at 603. Thus, the issue of preemption need

not be reached by the Court. Under the *Mayer* analysis, any theory of liability Simon "could advance would necessarily assume [he] holds some property interest in" the photograph and poster. *Id.* However, "once copyrightable material is published without the author's first securing federal copyright protection, the author loses his property interest in the material," and the material becomes public property. *Id. See also Sears, Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 233, 84 S.Ct. 784, 789, 11 L.Ed.2d 661 (1964), *reh'g denied,* 376 U.S. 973, 84 S.Ct. 1131, 12 L.Ed.2d 87 (1964); *Compco Corp. v. Day–Brite Lighting, Inc.,* 376 U.S. 234, 237, 84 S.Ct. 779, 781, 11 L.Ed.2d 669 (1964), *reh'g denied,* 377 U.S. 913, 84 S.Ct. 1162, 12 L.Ed.2d 183 (1964).

Accordingly, defendant's Motion for Summary Judgment is GRANTED.